**AMENDED HLD-001**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2736
_____

IN RE: MICHELLE C. CANTATORE,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-18-cv-14293)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 20, 2021

Before: CHAGARES, Chief Judge, PORTER and FUENTES, Circuit Judges

(Opinion filed: January 7, 2022)
_____

OPINION[*]
_____

PER CURIAM

    In September 2018, Cantatore filed a motion to vacate sentence in the District

Court pursuant to 28 U.S.C. § 2255, alleging that her counsel provided ineffective

assistance at sentencing. In September 2021, Cantatore filed a petition for a writ of

mandamus pursuant to 28 U.S.C. § 1651 with this Court, alleging extraordinary delay in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the adjudication of her § 2255 motion and requesting that we direct the District Court to rule on it. Subsequently, in an order entered November 24, 2021, the District Court denied the § 2255 motion and declined to issue a certificate of appealability. Accordingly, because Cantatore has obtained the relief she requested, the mandamus petition will be dismissed as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot").